## WILLIAM CHADBOURNE *versus* ENOCH STRAW & al.

Where the owner of land had been disseized thereof for twelve years, and at the end of that time had made an entry thereon, and brought his writ of entry and recovered judgment therein for the land, and the tenant had put in his claim for betterments, and had the same allowed upon the trial; it was held, that an action of trespass *quare clausum,* commenced while that suit was pending, for cutting trees on the premises during its pendency, could not be maintained.

And it would seem that an action of trespass *quare clausum* cannot be maintained against one who has become legally entitled to his improvements upon the premises, for cutting trees thereon, after he has become thus entitled.

THE parties agreed to the following statement of facts to be submitted to the Court; and if, on a consideration of the facts, the plaintiff could maintain his action, the defendants were to be defaulted; and if the Court shall adjudge that the action is not maintainable, the plaintiff is to become nonsuit.

The plaintiff's action is trespass *quare clausum* for breaking and entering his close situated in Hollis, on the third day of Jan. 1841, and between that day and the date of the writ, April 15, 1841.

One of the defendants, William West, obtained actual possession of the premises described in the writ by a disseizin, in the year 1828, and continued in possession, occupying and improving the premises, and taking the annual profits, from said time until he was removed by a writ of possession, issued on a judgment of this Court, recovered by the plaintiff at Sept. Term, 1841, against West, commenced for the Court of Common Pleas, holden Feb. 1839, the plaintiff having previously thereto, entered upon the premises and notified West to quit; the writ bearing date, Nov. 19, 1838, wherein the plaintiff demanded seizin and possession of the above described premises, and complained that the said West had disseized him and forcibly kept him out. Said action came on for trial at the Sept. Term of this Court, 1841, at which time and in which action, the said West, among other matters in his defence, filed his plea of betterments, and had the same allowed in said ad-

judication. The other defendant, Enoch Straw, merely acted under West in removing some logs from the land.

*Caverly* argued for the plaintiff, making these points.

1. The defendants, having cut the trees after the service of the writ in the first suit, and pending that action, are liable in this suit under the statute. Stat. 1821, c. 35, § 4; Rev. Stat. c. 129, § 11; *Pierce* v. *Spring*, 15 Mass. R. 489.

2. But if the plaintiff's suit, having been commenced before final judgment in the former suit, cannot be sustained under the statute, it is maintainable at common law. 6 Dane, c. 196, art. 1, § 20, art. 2, § 8, art. 5, § 5; 13 Johns. R. 416; 15 Johns. R. 401; 11 Mass. R. 519; 15 Mass. R. 489; 4 Mass. R. 26; 1 Chitty's Pl. 137; 7 T. R. 13; 16 Mass. R. 4; 5 Mass. R. 341.

*McArthur,* for the defendants, contended that the action could not be maintained.

1. Because after a disseizin has been committed, and an action has been commenced to recover the possession, trespass cannot be maintained by the owner against the disseisor for any act committed while that action is pending. 3 Bl. Com. 210; 3 Woodeson, 193; 6 Bac. Abr. 566; Com. Dig. Trespass, B. C.; *Taylor* v. *Townsend*, 8 Mass. R. 411; *Starr* v. *Jackson*, 11 Mass. R. 519; 1 Johns. R. 511.

2. The action cannot be maintained by virtue of the statute. The declaration is not on the statute, and the case does not come within the statute provisions.

3. The plaintiff has received payment in the former suit. The betterments are allowed up to the time of trial, and the balance only is allowed to the tenant, after deducting all benefits received.

The opinion of the Court was drawn up by

Shepley. J. — It appears, that William West, one of the defendants, entered into possession of the lot of land, on which the trespass is alleged to have been committed, and disseized the owner in the year 1828; and that he continued that pos-

session until after the plaintiff recovered a judgment against him in an action of entry in the month of September, 1841. The plaintiff made a formal entry upon the premises before the commencement of that suit. While it was pending this action of trespass *quare clausum* was brought against West and the other defendant, who was acting under him, to recover damages for cutting and carrying away trees standing on the premises. The trespass is alleged to have been committed between the third day of January and the fifteenth day of April, 1841.

The owner of the land must have had possession, actual or constructive, to enable him to maintain this action. The disseisee cannot maintain such an action against his disseisor until after he has regained the possession; when he may have his action of trespass for the mesne profits.

The plaintiff, at the time of the commencement of this suit, had not been in the actual possession of the premises for more than a dozen years; and during that time they had been in the exclusive possession of West. A mere formal entry, which did not disturb that possession, made two years before this suit was commenced, was not equivalent to that actual or constructive possession required by law to enable the plaintiff to maintain it.

It is contended, that it may be maintained by virtue of the provision of the former statute, c. 35, § 4, which subjected the person in possession and others to treble damages for waste done by cutting wood and timber trees on the premises after service of the writ to recover possession. If this could be considered as such an action, as is authorized by that statute, it could not be maintained by virtue of it, for it does not authorize the plaintiff to commence such an action, until after " he has recovered his title and possession of such estate sued for."

It appears also, that West, on the trial of the action of entry, claimed to have held the premises for more than six years by virtue of a possession and improvement; and that he filed a claim to have the increased value by virtue of such improve-

ment assessed, and that he prevailed in that claim. By the statutes the intention is clearly perceived, that one entitled to his improvements should not be deprived of the benefit of them by any course, which the owner of the land may pursue; for if he enter and withhold the possession from the tenant, he is made liable to pay him for their value. If the owner might by a mere formal entry maintain trespass *quare clausum* against one so entitled, he could, by commencing a new suit for each act of the tenant upon the land, compel him to abandon the premises without affording him an opportunity to have the value of his improvements assessed in a real action, and without subjecting himself to an action for their value by withholding the possession after an actual entry; and thus destroy those rights of the tenant, which were designed to be protected by the statutes.                               *Plaintiff nonsuit.*